UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-215

| | |
|---|---|
| FRED WOODROW MAUNEY, JR., )<br>　　Plaintiff, )<br> )<br>　　　　vs. )<br> )<br>CRICKET/BOJANGLES COLISEUM, )<br>CHARLOTTE REGIONAL VISITOR'S )<br>AUTHORITY, EX-POLICE CHIEF )<br>　DARREL STEPHENS, OFFICER DOES )<br>1 THRU 20, JOHN DOE SECURITY )<br>OFFICER, PATRICK MCCRORY, )<br>ANTHONY FOXX, JOHN LASSITER, )<br>EDWIN PEACOCK, II, PATSY KINSEY, )<br>JAMES E. MITCHELL, JR., WARREN )<br>TURNER, MICHAEL, BARNES, NANCY )<br>CARTER, ANDY DULIN, and )<br>WARREN COOKSEY, )<br> )<br>　　Defendants. )<br>　　　　　　　　　　　　　　　　　　) | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion and Demand for Recusal ("Motion"), (Doc. No. 12).

## I.　Background

Plaintiff Fred Woodrow Mauney, Jr. ("Plaintiff") filed a complaint against Defendants ("Complaint"), (Doc. No. 1), and a Motion to Proceed in Forma Pauperis, (Doc. No. 2), on May 2, 2011.  On May 27, 2011, Plaintiff filed an Amended Complaint, (Doc. No. 4).  The Court granted Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and stayed service of process pending a frivolity review by the Court, (Doc. No. 5).  On November 29, 2011, the Court issued an Order, (Doc. No. 6), dismissing Plaintiff's suits against Defendants Barack Obama, Campaign for Change, David Plouffe, Fox Charlotte, Bahakel Communications Ltd., and the

Charlotte-Mecklenburg Police Department as frivolous and ordering Plaintiff to amend his Complaint with more particularized allegations within fourteen (14) days of entry of the Order. Since the Order was issued, the court has granted Plaintiff's three Motions for Extension of Time, (Doc. Nos. 7; 9; 11). Plaintiff filed a Motion and Demand for Recusal, (Doc. No. 12), on January 20, 2012.

**II.     ANALYSIS**

Plaintiff's Motion demands recusal of Chief Judge Robert J. Conrad, Jr. and Magistrate Judge David C. Keesler ("Judge Keesler") pursuant to 28 U.S.C. § 144, 28 U.S.C. § 455, and Judicial Canons 1, 2, and 3. Although Plaintiff names Judge Keesler at the start of his Motion, the rest of the Motion is devoid of any references to Judge Keesler. Plaintiff's Motion is, therefore, **DENIED** as to Judge Keesler.

The remainder of this Order pertains to Plaintiff's allegations against this Court. 28 U.S.C. § 144 addresses judicial bias and prejudice. It allows a party to file an affidavit stating that the judge that is hearing the matter has a personal bias or prejudice against the party. 28 U.S.C. § 144. The affidavit must state facts and reasons for the party's belief that bias or prejudice exists and must be filed at least 10 days before the beginning of the term at which the proceeding is to be heard. Id. The affidavit must be accompanied by a certificate stating that the affidavit was made in good faith. Id.

First, Plaintiff failed to file the required affidavit and certificate. Second, Plaintiff states in his Motion that "Plaintiff believes there is bias or prejudice of this Judge and that Plaintiff's name is being slandered" without supporting his claim with any facts or reasons for such belief. (Doc. No. 12 at 3). Thus, Plaintiff has failed to satisfy the requirements of 28 U.S.C. § 144.

28 U.S.C.§ 455 addresses disqualifications of judges.  It states that any judge of the United States must disqualify himself in any proceeding in which his impartiality might be reasonably questioned.  28 U.S.C. § 455(a).  It goes on to say that a judge should disqualify himself where he has a personal bias or prejudice concerning a party.  Id. at § 455(b)(1).  A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality.  Id. at § 455(a).  The test is an objective one: a judge must disqualify himself whenever his "impartiality might be reasonably questioned." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)).  In other words, "disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.  The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." Id.  A presiding judge is not, however, required to recuse himself simply because of "unsupported, irrational, or highly tenuous speculation." Cherry, 330 F.3d at 665 (citing United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).  Put simply, "the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably questions the judge's impartiality." Cherry, 330 F.3d at 665 (citing Beard, 811 F.2d at 827).  Once again, despite Plaintiff's claim of "bias or prejudice," he has not alleged any factual basis to support such a claim.  Thus, this Court is not required to recuse itself based on Plaintiff's unsupported and highly tenuous speculation.

Plaintiff similarly offers no facts to support his claim that this Court has violated Judicial Canons 1, 2, and 3.  The Court finds that Plaintiff's Motion is lacking in factual basis, and is, therefore, **DENIED**.

**III.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion and Demand for Recusal, (Doc. No. 12), is **DENIED.**

Signed: February 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

4