IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-215-RJC-DCK

| | |
|---|---|
| FRED W. MAUNEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CRICKET/BOJANGLES COLISEUM, ) | |
| CHARLOTTE REGIONAL VISITOR'S ) | |
| AUTHORITY, EX-POLICE CHIEF DARREL ) | |
| STEPHENS, OFFICER DOES 1 thru 20, ) | |
| JOHN DOE SECURITY OFFICER, PATRICK ) | |
| McCRORY, ANTHONY FOXX, JOHN ) | |
| LASSITER, EDWIN B. PEACOCK III, ) | |
| PATSY KINSEY, JAMES E. MITCHELL, JR., ) | |
| WARREN TURNER, MICHAEL BARNES, ) | |
| NANCY G. CARTER, ANDY DULIN, and ) | |
| WARREN COOKSEY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss In Lieu Of Answer" (Document No. 35) filed by Defendant Charlotte Regional Visitors Authority; the "City Defendants' Motion To Dismiss" (Document No. 36); and the "City Defendants' Motion For Sanctions As To Plaintiff" (Document No. 47).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u> and the motion for sanctions <u>denied</u> without prejudice.

# I. BACKGROUND

Plaintiff Fred W. Mauney, Jr. ("Plaintiff") filed his original "Complaint" (Document No. 1), along with an "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2) on May 2, 2011. Plaintiff filed an "Amended Complaint" (Document No. 3) on May 26, 2011, and a second "Amended Complaint" (Document No. 4) on May 27, 2011. The presiding judge, the Honorable Robert J. Conrad, Jr., issued an Order on June 21, 2011, granting Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs" and ordering that the service of process in this case be stayed pending a frivolity review. (Document No. 5).

On November 29, 2011, Judge Conrad issued an Order dismissing Plaintiff's claims against several defendants, including President Barack Obama. (Document No. 6). Judge Conrad's Order further allowed Plaintiff an opportunity seek leave to file a third amended complaint, and specifically stated:

> In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises the Plaintiff, who is proceeding pro se, that his case against the remaining defendants may be dismissed in whole, or in part, upon the Court's initial review. While Plaintiff has already exercised his opportunity to "amend [his] pleading once as a matter of course," the Court will entertain a motion to further amend his allegations against the remaining defendants if filed within fourteen (14) days of the date of this Order. See FED. R. CIV. P. 15. The Court will grant Plaintiff leave to file a third amended complaint should justice so require. **The Plaintiff's failure to amend his complaint with more particularized allegations may result in the dismissal of the Complaint with prejudice**.

(Document No. 6, p.2) (emphasis in original).

The Court allowed Plaintiff multiple extensions of time to file a motion to amend his complaint. (Document Nos. 8, 10, and 13). Plaintiff's third "Amended Complaint" (Document No.

14) (the "Complaint") was filed January 30, 2012; then on March 5, 2012, Plaintiff's "Motion to Amend Complaint..." (Document No. 16) was filed. The undersigned allowed the motion to amend on March 6, 2012, and instructed the United States Marshal to serve process on Defendants. (Document No. 17). That Order further also provided that "[t]he Court declines to express an opinion at this time as to whether dismissal of this case is appropriate pursuant to 28 U.S.C. § 1915(e), but reserves the right to do so at a later date." Id.

Defendant Charlotte Regional Visitors Authority's "Motion To Dismiss In Lieu Of Answer" (Document No. 35), and the "City Defendants' Motion To Dismiss" (Document No. 36), were filed on May 14, 2012. Plaintiff's "Answer Rebuttal To City Defendants Motion To Dismiss" (Document No. 46) was filed on June 20, 2012, and has been construed by the Court as Plaintiff's response to both pending motions to dismiss. Defendants have failed to file a reply brief in support of either of these motions, or a notice of intent not to reply, and the time do so has lapsed.[1]

On July 24, 2012, "City Defendants' Motion For Sanctions As To Plaintiff" (Document No. 47) was filed with the Court. "Plaintiff's Memorandum of Law" (Document No. 52) in response was filed August 22, 2012, and "City Defendants Reply Memorandum..." (Document No. 54) was filed August 30, 2012.

As such, the pending motions are now ripe for review and recommendation for disposition to the presiding district judge.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

---

[1] "If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure

to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

### III. DISCUSSION

Plaintiff's current Complaint appears to assert violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, as well as the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Document No. 14). The Complaint names Cricket / Bojangles Coliseum, Charlotte Regional Visitors Authority, ex-police chief Darrel Stephens, several police officer Does, current Charlotte Mayor Anthony Foxx, former Charlotte Mayor Pat McCrory, and several current and/or former Charlotte City Council representatives, including John Lassiter, Edwin Peacock III, Michael Barnes, Nancy Carter, Andy Dulin, Patsy Kinsey, James Mitchell, Jr., Warren Turner, and Warren Cooksey. Id.

The crux of Plaintiff's Complaint against all Defendants is that he went to a Barack Obama political rally at the Bojangles Coliseum in Charlotte, North Carolina on May 2, 2008, where he had a banner he wanted to display and talk about the issues. (Document No. 14, p.16). Plaintiff contends that "Charlotte police officers stopped Plaintiff from displaying his banner." (Document No. 14, pp.16-17). The Complaint suggests that the police officers told him that pursuant to city ordinances he could not display his banner and/or ride or park his bicycle where he sought to that day. (Document No. 14, pp.34-37).

On or about September 2, 2008, Plaintiff purportedly appeared before the Mayor and City Council to show that he had successfully displayed his banner in front of the White House. (Document No. 14, p.18). The Complaint suggests that these public officials failed to act appropriately to protect or enforce Plaintiff's rights, and are involved in "a conspiracy to cover it up." (Document No. 14, pp.17-18, 27-28, 38-39).

Plaintiff further asserts that he is "a national and internationally know[n] activist" and that "over 1 billion people world wide were watching that Plaintiff was denied his 1st Amendment right to reach out to those individuals." (Document No. 14, p.19). "Plaintiff request $1.00 for each individual and $3.00 punitive for each individual." (Document No. 14, pp.19, 49). Presumably, therefore, Plaintiff is seeking at least $4 billion in damages. Plaintiff also seeks "a declaration that the Defendants violated his right[s] under the First Amendment ... [and] Fourteenth Amendment of the United States Constitution of due process of law and equal protection of the laws." (Document No. 14, pp.45-46).

Defendants' pending motions to dismiss are filed pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6). (Document Nos. 35-36). Defendant Charlotte Regional Visitors Authority ("CRVA") contends that the facts as alleged in the Complaint fail to state any claim against the CRVA for which relief may be granted, and therefore, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). (Document No. 35, p.2). Defendant CRVA also contends that "Cricket / Bojangles Coliseum" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) and (6) because there is no legal entity known as "Cricket / Bojangles Coliseum." Id.

The Defendants Patrick McCrory, Anthony Foxx, John Lassiter, Edwin Peacock III, Patsy Kinsey, James E. Mitchell, Jr., Michael Barnes, Nancy G. Carter, Andy Dulin, Warren Cooksey, Darrel Stephens, and Warren Turner (collectively, the "City Defendants," together with CRVA referred to as "Defendants") move for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Document No. 36). The City Defendants contend that the Court lacks jurisdiction on the basis of *res judicata*, and that Plaintiff has failed to state a claim upon which relief can be granted.

(Document No. 37). The undersigned's analysis will focus on the Defendants' 12(b)(6) arguments, although some or all of their other grounds for dismissal also appear to have merit.

**A. Motions To Dismiss**

The undersigned first observes that each of Defendants' motions to dismiss assert that dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(6). (Document Nos. 35-36). In short, Defendants contend that Plaintiff has failed to sufficiently state facts to support plausible claims. The undersigned agrees.

As noted above, a complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1937, (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, even viewing the Complaint in the most favorable light and accepting the allegations as true, it does not plausibly support claims for civil rights violations by these Defendants. (Document No. 14). The undersigned will briefly address Plaintiff's causes of action.

**1. 42 U.S.C. § 1983**

Plaintiff's claims are primarily predicated on the First Amendment and 42 U.S.C. § 1983. "The First Amendment to the Federal Constitution provides that 'Congress shall make no law ... abridging the freedom of speech, or of the press[.]' This Amendment has been incorporated to apply to the states by virtue of the Fourteenth Amendment." DeWitt v. Mecklenburg County, 73 F.Supp.2d 589, 605 n.10 (W.D.N.C. 1999) (quoting Thornhill v. Alabama, 310 U.S. 88 (1940))." Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> Thus, Plaintiff's claim under the free speech clause of the First Amendment merges into h[is] § 1983 claim because § 1983 merely creates a statutory basis to receive a remedy for the deprivation of a constitutional right.

Id.

To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299 (1941)).

The Complaint here, construed in the most favorable light, alleges that the moving Defendants were negligent in hiring or overseeing the various police officer Does who purportedly prevented Plaintiff from displaying his banner and/or attending a political rally on May 2, 2008. (Document No. 14, pp.3-4, 11-15). The Complaint relies on the theory of *respondeat superior*, to assert that these Defendants are liable to Plaintiff as the employers or supervisors of the police officers who allegedly violated Plaintiff's civil rights. Although Plaintiff has not directly named the City of Charlotte as a defendant, it appears he is trying to assert a "municipal liability" claim. To

the extent Plaintiff seeks to impose liability on CRVA, Cricket/Bojangles Coliseum, or the City Defendants under these theories, it appears his claims must fail.

As an initial matter "it is well established that there is no *respondeat superior* liability under § 1983." Sewell v. Baltimore City Police Dept., 2012 WL 4049278 at *2 (D.Md. Sept. 12, 2012) (citing Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978)). In addition, another recent decision by the United States District Court for the District of Maryland addressing motions to dismiss by similar "City Defendants" further opined

> A municipal entity may not be held liable under *respondeat superior* but may only be held liable for damage caused by an entity's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694. See also Spell v. McDaniel, 824 F.2d 1380, 1387 (4th Cir. 1987) ("Because municipal liability results only when the municipality itself can be directly charged with fault for a constitutional violation, it results only when policy or custom as above defined is (1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation."

Bradley v. Baltimore Police Dept., 2012 WL 3637155 at *3 (D.Md. Aug. 22, 2012).

A recent decision by the District Court for the Eastern District of Virginia also offers instructive guidance on the type of liability Plaintiff appears to be asserting against these Defendants:

> "[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." Id. at 481, 106 S.Ct. at 1299.
>
> The Supreme Court has emphasized, however, that "not every decision by municipal officers automatically subjects the municipality to § 1983 liability." Id. Rather, "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Id. at 483, 106 S.Ct. at 1300.

9

> . . .
>
> "In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Id. at 392, 109 S.Ct. at 1206. This is precisely why municipal liability requires a showing of deliberate indifference: "To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983." Id. at 391, 109 S.Ct. at 1206.

Tobey v. Napolitano, 808 F.Supp.2d 830. 839-841 (E.D.Va. 2011).

In this case, Plaintiff has failed to allege plausible facts to support a claim that his alleged deprivation of civil rights was caused by policy or custom of the City of Charlotte or these Defendants. See Hinton v. Henderson, 3:10-cv-505-RJC, 2011 WL 4501913 at *2 (W.D.N.C. Sept. 28, 2011). None of Plaintiff's allegations support a finding that any of these Defendants made "a deliberate choice to follow a course of action ... made from among various alternatives . . . with respect to the subject matter in question." Pembaur, 475 U.S. at 483.

To the extent Plaintiff attempts to allege the City Defendants violated his rights as a result of any action or inaction in response to a petition before the City Council in September 2008, the undersigned agrees with the City Defendants that such claim is inadequate. (Document No. 37, pp.18). "Local government legislative officials, like Mayor and City Council, are entitled to absolute legislative immunity for "all actions taken in the sphere of legislative activity." (Document No. 37, p.18) (quoting Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998)).

Moreover, the undersigned is not persuaded that Plaintiff has adequately alleged any facts to support a Constitutional violation by any defendant in this case. In the same sentence Plaintiff asserts he was stopped from displaying his banner, he claims he inverted [and successfully displayed] the United States flag as a signal of distress. (Document No. 14, pp.16-17). Plaintiff

attaches to the Complaint a picture apparently confirming this act. (Document No. 14-5, p.15). The Complaint fails to explain any distinction as to Plaintiff's ability to exercise his rights in displaying his flag, but not his banner.

Based on the foregoing, as well as additional arguments presented in Defendants' briefs, the undersigned is persuaded that Plaintiff has failed to make a sufficient showing that Defendants violated his rights pursuant to §1983.

Plaintiff's brief in response fails to rebut any of Defendants' arguments or supporting authority. (Document No. 46). Rather, Plaintiff's response expresses indignation at his treatment by the North Carolina state court in a related matter, and accuses the City Defendants' counsel of misconduct, contempt, fraud, libel, and numerous other crimes. (Document No. 46, pp. 2 and 7). Plaintiff specifically states that "he has never been accused of filing a frivolous lawsuit by any Judge, Defendants or their attorneys in his life." (Document No. 46, p.2). However, contrary to Plaintiff's assertions, this Court has already noted Plaintiff's "history of frivolous filings." (Document No. 5, p.1) (citing Mauney v. Williams, et. al., No. 1:09cv1230 (E.D. Va. Nov. 5, 2009); Mauney v. Comm'n on Presidential Debates, No. 1:02cv10147 (D. Ma. Oct. 23, 2002); Mauney v. U.S.P.S. et. al., No. 2:01cv179 (C.D. Ut. Jan. 11, 2002); and Mauney v. State of Utah et. al., No. 2:98cv360 (C.D. Ut. Dec. 7, 1998)).

### 2. 42 U.S.C. § 1985

In order to state a claim under §1985, Plaintiffs must establish all of the following elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d

11

1370, 1376 (4th Cir. 1995). "Moreover, the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. at 1377. Conclusory allegations of a conspiracy, in the absence of concrete supporting facts, are insufficient to state a claim. Id.

In addition, "Plaintiffs have 'standing under § 1985 only if they can show they are members of a class that the government has determined requires and warrants special federal assistance in protecting their civil rights.'" Phillips v. Mabe, 367 F.Supp.2d 861, 873 (M.D.N.C. 2005) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994)).

Here, the Complaint fails to establish, or even suggest, the necessary elements of a § 1985 claim. Plaintiff details no specifics of when, where, how or why an alleged conspiracy occurred, or what motivation any of these Defendants would have for depriving Plaintiff of his enjoyment of his rights. As discussed below, Plaintiff asserts that the ADA is applicable here, but fails to allege how he is disabled or any connection between his disability and the grievances in his Complaint. These deficiencies of detail are fatal, as what remains are unsupported conclusions. Moreover, Plaintiff's response again fails to offer any rebuttal to Defendants' arguments or cited authority.

The undersigned finds that Plaintiff's claims against Defendants under 42 U.S.C. §§1983 and 1985 fail to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6).

### 3. Americans With Disabilities Act

Plaintiff also appears to assert that his rights under the ADA have somehow been violated. (Document No. 14, pp.1-2). However, Plaintiff has failed to allege any facts to support such a claim. Specifically, Plaintiff does not allege how he is disabled, or any nexus between his alleged

disability and the grievances in his Complaint. As such, the undersigned recommends dismissal of any claim he is attempting to bring in this Complaint pursuant to the ADA.

### 4. Intentional Infliction Of Emotional Distress ("IIED")

Finally, Plaintiff seeks damages for "intentional infliction of emotional and mental distress." (Document No. 14, p.46). The undersigned finds the City Defendants' argument on this issue persuasive and will largely adopt it, as follows below. Moreover, as with the previous arguments, Plaintiff's response fails to cite any authority to rebut Defendants' position.

Plaintiff must sufficiently allege the following elements of IIED in order to state it as a claim: (1) extreme and outrageous conduct by the City Defendants, (2) which is intended to cause and does cause, (3) severe emotional distress to Plaintiff. Guthrie v. Conroy, 152 N.C. App. 15, 21 (2002). None of these elements are adequately pled in the Complaint.

"Extreme and outrageous conduct" is conduct that "exceeds all bounds usually tolerated by decent society." Id. "The determination of whether the conduct alleged was intentional and was extreme and outrageous enough to support such an action is a question of law for the trial judge." Id.

The Complaint here does not allege that Defendants acted outside the bounds usually tolerated by a decent society. Plaintiff merely alleges that the Mayor and City Council did not act on his presentation to them and he makes no factual allegations as to Darrel Stephens, except that he was police chief at the time. (Document No. 14, p.34 and 39). Thus, not only is there no extreme and outrageous behavior pled against the Defendants, but there is nothing pled that can be construed as the Defendants having *intended* to cause Plaintiff severe emotional distress.

Plaintiff fails to state an IIED claim even if Plaintiff means to impute the actions of the police officers that he allegedly encountered on May 2, 2008, to the named Defendants. Again,

Plaintiff's central grievance against the police officers he encountered that day seems to be that he was not allowed to move about or set up his banner, wherever he wanted. There is nothing in the Complaint that indicates the officers acted in bad faith or with the intent to cause Plaintiff severe emotional distress.

The Complaint does not even allege that Plaintiff suffered "severe emotional distress." In Johnson v. Ruark Obstetrics and Gynecology Assoc., P.A., the North Carolina Supreme Court, in the context of a claim for negligent infliction of emotional distress, defined "severe emotional distress" as:

> any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.

Johnson v. Ruark Obstetrics and Gynecology Assoc., P.A., 327 N.C. 283, 304 (1990); see also, Waddle v. Sparks, 331 N.C. 73, 83 (1992) (extending the above definition to claims for intentional infliction of emotional distress). The Court in Johnson further described "severe emotional distress" as having to be more than "mere temporary fright, disappointment or regret" to sustain the cause of action. Johnson, 327 N.C. at 304.

Plaintiff describes himself as having suffered disappointment and indignation for being prevented, as he perceives that day, from communicating his message to the world's population. (Document No. 14, p.19). In any event, Plaintiff's described indignation does not meet the legal standard for "severe emotional distress."

Based on the foregoing, Plaintiff has failed to adequately state a claim for IIED and the undersigned will also recommend dismissal of this cause of action. In short, the undersigned finds

that all Plaintiff's claims fail to sufficiently satisfy Judge Conrad's instructions to include more "particularized allegations" in his Complaint. (Document No. 6, p.2)

**B. Motion For Sanctions**

Also pending is the "City Defendants' Motion For Sanctions As To Plaintiff" (Document No. 47). The City Defendants contend, *inter alia*, that Plaintiff has a history of filing frivolous lawsuits across the country, and that his numerous filings in this matter have unnecessarily burdened this Court as well as the City of Charlotte, and taxpayer resources. Although the City Defendants raise valid concerns, the undersigned will recommend that the motion for sanctions be denied without prejudice. Instead, the undersigned recommends that Plaintiff be respectfully advised that further filings that are determined to be frivolous are *likely* to lead to sanctions.

## IV. RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** that the "Motion To Dismiss In Lieu Of Answer" (Document No. 35) be **GRANTED**; the "City Defendants' Motion To Dismiss" (Document No. 36) be **GRANTED**; and the "City Defendants' Motion For Sanctions As To Plaintiff" (Document No. 47) be **DENIED WITHOUT PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections

will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: October 3, 2012

David C. Keesler
United States Magistrate Judge