UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-215-RJC-DCK

| | |
|---|---|
| FRED WOODROW MAUNEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRICKET/BOJANGLES COLISEUM, )<br>CHARLOTTE REGIONAL VISITOR'S )<br>AUTHORITY, EX-POLICE CHIEF )<br>DARREL STEPHENS, OFFICER DOES )<br>1 THRU 20, JOHN DOE SECURITY )<br>OFFICER, PATRICK MCCRORY, )<br>ANTHONY FOXX, JOHN LASSITER, )<br>EDWIN PEACOCK, II, PATSY KINSEY, )<br>JAMES E. MITCHELL, JR., WARREN )<br>TURNER, MICHAEL, BARNES, NANCY )<br>CARTER, ANDY DULIN, and )<br>WARREN COOKSEY, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court sua sponte. By Order dated November 28, 2012, this Court granted two Motions to Dismiss, (Doc. Nos. 35; 36), dismissing all of the named Defendants in this action. Remaining now are John Doe Officers 1-20 and John Doe Security Officer. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). "The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Anderson v. Davies, No. 3:10-2481-CMC-JRM, 2012 WL 1038663, at *6 (D.S.C. Mar. 28, 2012) (citing Roper v.

1

Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). "However, once filed, it is incumbent upon a plaintiff to amend his pleadings to correctly identify the specific individuals involved so that the matter may proceed to judgment." Id. As noted by the Fourth Circuit:

> A district court is not required to act as an advocate for a pro se litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.

Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Plaintiff names twenty-one John Does in the caption of his Amended Complaint, but he has not made any effort to amend his pleadings to correctly identify the John Doe defendants. See (Doc. No. 14); see also Schiff, 691 F.2d at 197 (John Doe suits are permissible only against "real, but unidentified, defendants."). Thus, Plaintiff has not "alleged a cause of action which may be meritorious against a person or persons unknown." Gordon v. Leeke, 574 F.2d at 1152-53. Therefore, John Doe Officers 1-20 and John Doe Security Officer, the only remaining defendants in this action, are **DISMISSED**.

  **IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** in its entirety. The Clerk of Court is directed to close this case.

Signed: December 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge